108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pasquale ACCETURA, Defendant-Appellant.
 No. 96-16211.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pasquale Accetura appeals the district court's denial of his 28 U.S.C. § 2255 motion. We affirm.[1]
 
 
 3
 Accetura contends that his trial counsel was ineffective in failing to argue at the sentencing hearing that he was entitled to an additional one-point offense level reduction for acceptance of responsibility. Accetura acknowledges that his counsel filed a written sentencing memorandum addressing this issue. We agree with the district court that counsel's alleged error in not orally reiterating his written objections to the presentence report does not rise to the level of ineffective assistance. See generally Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Accetura also contends that his criminal conviction for drug trafficking and money laundering violated the Double Jeopardy Clause. Specifically, he contends that he was punished for the same conduct through the collection of federal income taxes based upon his receipt of illicit income from drug trafficking and money laundering. We disagree. Accetura cites no authority, nor are we aware of any, for the proposition that the collection of federal income taxes is "punishment" for purposes of the Double Jeopardy Clause.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have jurisdiction to review the district court's denial of Accetura's section 2255 motion. See Jeffries v. Wood, 103 F.3d 827 (9th Cir.1996) (en banc) (order)